UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RANDAL HENRY,

                      Plaintiff,

            -against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER JUAN PINERO, Shield No. 895
of the NYPD, and other unknown named
"John Doe" and "Jane Doe" officers of the NYPD,

                      Defendant(s).
-------------------------------------------------------------------X

Case No. 1:15-CV-09643-WHP

**FIRST AMENDED**
**COMPLAINT**

Jury Trial Demanded

        Plaintiff, Randal Henry, by his attorneys, Kreisberg & Maitland, LLP, as and for his First Amended Complaint herein, alleges as follows:

### PRELIMINARY STATEMENT

    1.     Plaintiff brings this action against Police Officer Juan Pinero, and other unknown named officers and employees of the Police Department of the City of New York, pursuant to 42 U.S.C. § 1983 and § 1988, to redress the deprivation of his civil and constitutional rights under the United States and New York State Constitutions.

    2.     On September 19, 2014, defendants violated plaintiff's constitutional rights protected by the First and Fourteenth Amendments to the United States Constitution, and by Article I Sections 8, 9 and 11 of the New York State Constitution, when they unlawfully detained him and Defendant Pinero falsely charged him with Reckless Driving all in retaliation for his asking Defendant Police Officer Jane Doe for defendant Pinero's name and shield number so he could file a formal complaint with the NYPD and/or CCRB against said officer.

    3.     Plaintiff was maliciously prosecuted and forced to appear in court on three

separate dates to defend the baseless Reckless Driving Summons which was finally dismissed on January 15, 2015.

4. Plaintiff had not engaged in Reckless Driving nor committed any other violation of law, and defendant Pinero and his fellow officers knew this when the Reckless Driving Summons was issued to him.

5. On information and belief, plaintiff was issued such summons to chill, deter and/or retaliate against him for his expressed intention to complain about defendant Pinero's aforesaid misconduct.

6. Plaintiff was issued said summons to chill and deter his exercise of free speech and to undermine the credibility of his complaint, and to penalize his exercise of the right to petition government to redress grievances.

## PROCEDURAL PREREQUISITES

7. On February 20, 2015, Randal Henry filed a Notice of Claim against the defendants with the New York City Comptroller's Office, as required by New York General Municipal Law § 50-e.

8. The Notice of Claim was filed within ninety (90) days of the September 19, 2014 incident giving rise to plaintiff's claims, as set forth and complained of herein.

9. More than thirty (30) days have elapsed since the filing of plaintiff's Notice of Claim.

10. The City, its Comptroller and the other defendants have failed, neglected and refused to pay, settle, compromise or adjust plaintiff's claims.

11. On April 16, 2015, plaintiff duly submitted to the City's inquiry and questioning about his claims, under oath, as required by New York General Municipal Law § 50-h.

12. This action is timely because commenced within one year and ninety days after

the accrual of plaintiff's claims and causes of action.

13. Plaintiff Randal Henry has fully complied with all statutory conditions precedent to the commencement of an action under and for violations of New York State law.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, since plaintiff's claims arise under federal law.

15. This Court also has jurisdiction under 28 U.S.C. § 1367, over certain of plaintiff's claims which arise under the common law of the State of New York.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b), as the acts complained of occurred in the State of New York, County of New York.

## PARTIES

17. Randal Henry is, and was at all times relevant hereto, a citizen of the United States and a resident of the State of New York, City of New York, Bronx County.

18. Police Officer Juan Pinero, Shield No. 895 ("Pinero") of the New York City Police Department was, at all times relevant hereto, an employee of the City of New York and an officer of the New York City Police Department. At all relevant times, he was acting under the City's supervision, under color of law and he acted during and within the course and scope of his employment.

19. Defendant, City of New York ("City"), is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York, and the Charter of the City of New York. At all times relevant hereto, it was the employer of all the individual NYPD employees, named and unnamed, whose conduct forms the basis for this lawsuit.

20. Defendant, New York City Police Department ("NYPD"), is a charter agency of

the City authorized to perform law enforcement functions in and for the City. Defendant City operates and maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department.

21.     Defendants, Police Officers John Doe and Jane Doe, refer to unknown named police officers who were at all times relevant hereto employees of the City and of the NYPD, were acting under the supervision of the NYPD and during the course of their employment were involved in and/or failed to intervene and prevent the wrongdoing complained of herein.

### STATEMENT OF FACTS

22.     On September 19, 2014, plaintiff was lawfully operating a 2007 Toyota Camry four door sedan as duly authorized by the New York City Taxi & Limousine Commission to carry passengers for hire.

23.     At about 6:00 p.m., plaintiff was taking a passenger from 124th Street and Second Avenue to 105th Street and 1st Avenue, both addresses being in Manhattan, in the City and County of New York.

24.     At or about 106th Street, just off the FDR Drive, plaintiff stopped his vehicle because a marked NYPD patrol car had stopped another motorist, partially blocking the road. A uniformed Police Officer waved plaintiff on and so he proceeded cautiously past the patrol car and toward 105th Street. Other uniformed officers stood about the scene as plaintiff slowly proceeded. Suddenly, one police officer approached plaintiff's passenger side front door, shouted profanities, and banged on the window, and in substance told him to move along.

25.     Plaintiff dropped off his fare then drove back to the scene because he wanted to get the name and shield number of the Police Officer whom he felt had abused him.

26.     Plaintiff exited his vehicle and walked toward the offending officer, later identified and now sued as Police Officer Juan Pinero, when an unknown named female police

officer ("P.O. Jane Doe") stepped up and questioned him. Plaintiff told defendant P.O. Jane Doe that he wanted the name and shield number of the officer who yelled at him and hit his car. She told him to wait and walked off to confer with other police officers on the scene.

27. A group of about five police officers then approached and surrounded plaintiff. Defendant Police Officer Pinero was part of this group. Plaintiff asked Pinero for his name and shield number. Defendant Pinero responded that the only way plaintiff would get the information was on a Summons. He then demanded plaintiff's driver's license and cab identification. Plaintiff complied and Pinero issued him a Summons for Reckless Driving.

28. Defendant Pinero and his fellow officers knew that plaintiff had done nothing to warrant a Reckless Driving or any other Summons. Indeed, Defendant Police Officer John Doe told plaintiff that he should not have come back and that this is what he gets for complaining. No police officers intervened to prevent Pinero's misconduct.

29. The Summons required plaintiff to take off from work to appear in the New York County Criminal Court on November 15, 2014 which he did. Plaintiff entered a not guilty plea and was ordered to return to court on December 22, 2014, and then again on January 14, 2015, when the charges were finally dismissed.

30. Defendant Pinero wrote and signed a false statement in support of his Reckless Driving Summons, with knowledge that his statement was false and that it would be filed with the court and serve as the basis for the prosecution of Plaintiff

31. Defendant Pinero's falsely swore as follows:

> The undersigned did observed the Defendant operating a motor vehicle in a such a manner in which the Defendant did create a serious risk of physical injury or death by driving at an unsafe speed, failing to yield to any emergency vehicle, and almost running over the foot of a police officer.

32. Defendant Pinero knew that plaintiff did not drive at an unsafe speed, did not fail

to yield to an emergency vehicle and did not almost run over the foot of a police officer. He knew that his statements were false when he made and swore to them.

## CLAIMS

### First Claim for Relief: Retaliation for the Exercise of Free Speech

33. Plaintiff repeats and realleges paragraphs numbered "1" through "32" as though fully set forth at length herein.

34. On information and belief, defendant Pinero issued the Reckless Driving Summons to undermine plaintiff's credibility.

35. On information and belief, defendant Pinero issued the Reckless Driving summons to retaliate against plaintiff for announcing his intention to file a complaint against defendant Pinero.

36. On information and belief, defendant Pinero issued the Reckless Driving summons to chill and deter plaintiff's exercise of his right to freedom of speech.

37. On information and belief, defendant Pinero issued the Reckless Driving summons to chill and deter plaintiff from petitioning the New York City government, it's Police Department or the Civilian Complaint Review Board with his grievances against defendant Pinero.

38. On information and belief, the unknown named police officers present with defendant Pinero when he issued the Reckless Driving summons knew that plaintiff had committed no infraction yet did nothing to prevent or to report defendant Pinero's misconduct as they are required to do.

39. Defendant Pinero and defendants John Doe and Jane Doe police officers acted as aforesaid under color of law to chill, deter and punish plaintiff for exercising his constitutional and civil rights to free speech and for announcing his intention to petition government to redress

his grievances in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

40. As the direct and proximate result of defendants' violation of the Free Speech Clause of the First Amendment, plaintiff has suffered irreparable harm, including the loss of his constitutional rights.

### Second Claim for Relief: Attempt to Chill Free Speech and Deter Official Complaints

41. Plaintiff repeats and realleges paragraphs numbered "1" through "40" as though fully set forth at length herein.

42. Defendant Pinero and defendants John Doe and Jane Doe police officers acted as aforesaid under color of law to chill and deter plaintiff from making any further or official complaints about defendant Pinero's misconduct.

43. As the direct and proximate result of Defendants" violations of the First Amendment plaintiff has suffered irreparable harm, including the loss of his constitutional rights.

### Third Claim for Relief: Negligent Supervision

44. Plaintiff repeats and realleges each and every allegation set forth in paragraph "1" through "43" hereof, as though set forth fully at length herein.

45. On September 19, 2014, the named and unknown named defendants collectively and unlawfully detained plaintiff and issued him a reckless driving summons knowing that plaintiff had not committed that infraction or any other violation of law.

46. At all times relevant hereto, the defendants were acting within the scope of their employment and under color of law.

47. Plaintiff did not consent to or otherwise authorize the defendants to detain him and issue him a Summons.

48. As a result of the conduct of the defendants, plaintiff suffered physical, emotional, and psychological distress.

49. The defendant City and the NYPD did nothing to investigate the issuance of a false summons to plaintiff before or after it was dismissed.

50. The defendant City and the NYPD, as a matter of policy, custom and practice does not investigate and prosecute its police officers for failing to intervene to protect the rights of falsely charged defendants.

51. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD to properly supervise and discipline police officers and their supervisors for abuse of power and related misconduct.

52. Neither the defendant City nor the NYPD investigated or took any disciplinary action against any of the police officers involved in this case as a matter of policy, custom and practice.

53. The failure of the City of New York and the NYPD to properly supervise and discipline police officers and supervisory officers demonstrates and constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

54. By failing to investigate and prosecute officers and supervisors for failing to intervene on plaintiff's behalf, the defendant City and the NYPD encourage and condone police misconduct as was the case here.

55. The official policies, practices and customs of the City of New York and the NYPD alleged in paragraphs "1" through "54" violated plaintiff's rights guaranteed by 42 USC § 1983, the First and Fourteenth Amendments to the Constitution of the United States, and Article I § 8, 9 and 11 of the Constitution of the State of New York.

**Fourth Claim for Relief: Respondent Superior**

56.     Plaintiff repeats and realleges the allegations contained in paragraphs "1-55" as though fully set forth at length herein.

57.     The conduct toward plaintiff alleged herein subjected plaintiff to the loss and deprivation of his constitutional rights, and to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, pain, and suffering.

58.     At all times relevant hereto, the individual defendants were on duty and were acting within the scope of their employment, they acted consistently with the policies and practices of the NYPD and as they acted as agents, servants and employees of the City of New York which is therefore responsible for their conduct under 42 U.S.C. § 1983, common law, NYS and Article I § 1, 8, 9 and 11 of the Constitution of the State of New York. As such, The City of New York is liable to plaintiff for the misconduct of its police officers as set forth herein.

**Fifth Claim for Relief: Equal Protection-Fourteenth Amendment**

59.     Plaintiff repeats and realleges the allegations contained in paragraphs "1-58" as though set forth at length herein.

60.     By reason of the aforesaid, defendants have unconstitutionally deprived plaintiff of the equal protection of the law guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

61.     As a direct and proximate result of defendants' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights.

## Prayer for Relief

**WHEREFORE**, plaintiff prays for the following relief against the defendants, jointly and severally:

(a) Compensatory Damages in an amount to be determined at trial;

(b) Punitive Damages in an amount to be determined at trial;

(c) Prejudgment Interest;

(d) Reasonable Attorneys' Fees;

(e) Costs and Expenses; and

(f) Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 6, 2016

                    KREISBERG & MAITLAND, LLP
                    Attorneys for Plaintiff
                    75 Maiden Lane, Suite 603
                    New York, New York 10038
                    (212) 629-4970

By: _____
       Gary Maitland (GM 8763)